**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RONDA COLLEY,

Plaintiff,

v. Case No. 6:25-cv-1182-RBD-NHA

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

# ORDER

On referral in this Social Security appeal, U.S. Magistrate Judge Natalie H. Adams entered a Report and Recommendation, submitting that the Court should affirm the Commissioner's decision denying Plaintiff benefits. (Doc. 22 ("R&R").) Plaintiff objects, arguing: (1) the Administrative Law Judge's ("ALJ") characterization of Plaintiff's tearfulness and distress as "outliers" was not supported by substantial evidence; (2) the ALJ failed to meet the articulation requirement when evaluating the medical opinion of Plaintiff's treating therapist; and (3) the R&R erroneously applied the Step Two harmless error standard where the ALJ found that Plaintiff's PTSD was not a medically determinable impairment. (Doc. 23 ("Objection").)

After an independent *de novo* review of the record and the Objection, the

Court agrees with Judge Adams' R&R. *See* 28 U.S.C. § 636(b)(1); *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). The first two grounds of Plaintiff's Objection rehash the same arguments made before Judge Adams, which she thoroughly addressed and rejected in her R&R, so they are due to be overruled. (Doc. 22, pp. 21–29; Doc. 23, pp. 2–7); *see Hall v. Sargeant*, No. 18-cv-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018).

As to the third ground of Plaintiff's Objection, concerning the ALJ's finding that her PTSD was not medically determinable, the ALJ need not "address evidence that discussed [Plaintiff's] condition <u>outside the timeframe</u> that [she] would otherwise qualify for benefits." *McLain v. Comm'r, Soc. Sec. Admin.*, 676 F. App'x 935, 938 (11th Cir. 2017). Here, the only evidence in the record that Plaintiff was diagnosed with PTSD comes from one doctor's assessment *before* Plaintiff says she became disabled. (Doc. 15-1, p. 259.) No other medical professional diagnosed Plaintiff with PTSD. (*See id. passim*.) Because no medical professional diagnosed Plaintiff with PTSD during the timeframe of her disability, the ALJ did not err in determining that Plaintiff's PTSD was not medically determinable. *See McLain*, 676 F. App'x at 938.

Just as the ALJ did not err, nor did Judge Adams err in finding that any error in the ALJ's conclusion on this point was harmless. This requires some explanation: When assessing residual functional capacity ("RFC"), ALJs may only

consider symptoms caused by medically determinable impairments. *See* 20 C.F.R. § 416.945(a)(2). So, yes, it is generally *not* harmless error for an ALJ to incorrectly decide that an impairment is not medically determinable, as that would typically lead the ALJ to ignore crucial symptoms in making the RFC finding. *See Dennison v. Comm'r of Soc. Sec.*, No. 1:24-cv-131, 2025 WL 2389428, at *4 (N.D. Fla. July 28, 2025). But here, the PTSD symptoms that Plaintiff claims the ALJ ignored as a result of the "not medically determinable" PTSD finding were intrusive thoughts, reactivity, avoidant behaviors, and sleep issues. (Doc. 19, pp. 25–26; Doc. 23, pp. 10–11.) But these symptoms *were* nevertheless considered by the ALJ in the RFC analysis because they were also symptoms of Plaintiff's depression, which *was* medically determinable. (*See* Doc. 15, pp. 20, 22–28.) So even if the ALJ erred in finding that Plaintiff's PTSD was not medically determinable (which the Court does not hold), that error would have been harmless because, under these particular circumstances, it did "not affect the ALJ's ultimate decision." *Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020).

So Plaintiff's Objection is due to be overruled in its entirety. Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 23) is **OVERRULED**.
2. The R&R (Doc. 22) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. The Commissioner's decision is **AFFIRMED.**

4. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff and then to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 24, 2026.

ROY B. DALTON, JR.
United States District Judge